### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 16-21991-CMB |
| **NEDRA LYNN SANDLIN,** | Chapter 13 |
| Debtor. | Related to Doc. No. 45 |

## MEMORANDUM OPINION

The Debtor was denied a loan modification by Ocwen Loan Servicing, LLC ("Ocwen") through the Court's Loss Mitigation Program ("LMP"). Ocwen denied the loan modification indicating that the Debtor cannot assume the mortgage executed by her late fiancé. The Debtor now alleges Ocwen violated the good faith requirement of the LMP because it knew, at the outset of the case, that the Debtor could not assume the subject mortgage and should have objected to the Debtor's request to participate in the LMP. The Court finds that a lender's denial of a loan modification after timely inquiry and determination that a mortgage cannot be assumed by a debtor does not run afoul of the lender's duty to participate in loss mitigation in good faith; therefore, Ocwen has not violated the good faith requirement of the LMP.

### Findings of Fact

The facts comprising the specific timeline regarding Ocwen's interest in the Property, the Debtor's interest in the Property, and the LMP between the Parties are not disputed. The Debtor's late fiancé, William Burda, executed a note and mortgage in favor of Quality Mortgage USA, Inc. in the amount of $42,000.00 on September 25, 1996, secured by real property located at 6 Jane

Street, Coraopolis, PA (the "Property").[1] The mortgage was assigned several times and eventually to Bank of New York Mellon ("BNYM") in 2002.[2] Ocwen is the servicer for BNYM. BNYM commenced foreclosure proceedings against Burda in September of 2013.[3] BNYM was awarded a default judgment of foreclosure on November 11, 2013 in the amount of $105,222.71.[4] Since 2001, Burda had filed four voluntary bankruptcy petitions with this Court.[5] Burda filed his most recent voluntary Chapter 13 petition on July 1, 2014.[6]

Burda passed away on June 6, 2015, deeding the Property to the Debtor by his Last Will and Testament filed with the Registers of Wills in Allegheny County, Pennsylvania on July 8, 2015.[7] The Property was officially transferred to the Debtor on September 13, 2015. The Burda Case was dismissed without prejudice on October 20, 2015.[8] After dismissal of the Burda Case, BNYM continued its foreclosure action and sought to sell the Property at a Sheriff's Sale.

The Debtor filed the instant case on May 26, 2017.[9] The Debtor listed BNYM as having a first mortgage in the Property in the total amount of $104,558.29. The Debtor filed her motion

---

[1] Doc. No. 61, Ex. B.

[2] *Id*.

[3] *Id*.

[4] *Id*.

[5] Burda filed a case in 2001 (Case No. 01-31058-JKF); in 2009 (Case No. 09-24947-JKF); in 2010 (Case No. 10-2855-JKF); and in 2014 (Case No. 14-20330-CMB). Burda did not pursue participation in the LMP regarding the mortgage in any of his bankruptcy cases.

[6] Case No. 14-20330-CMB, the "Burda Case."

[7] Doc. No. 61, Ex. A.

[8] Case No. 14-20330-CMB at Doc. No. 55.

[9] Doc. No. 1.

seeking to participate in the LMP with Ocwen on September 28, 2016.[10] The LMP Request was granted on October 3, 2016.[11] The Debtor submitted a financial package to Ocwen on October 20, 2016.[12] Ocwen acknowledged receipt of the package on October 21, 2016.[13] Ocwen provided the Debtor with a Family Transfer Package on November 3, 2016 to determine if Debtor was eligible for a modification.[14] The Debtor completed the Family Transfer Package on November 7, 2016. On December 2, 2016, Ocwen informed the Debtor that "the assumption has been denied therefore we are unable to go through with the loan modification."[15] In a letter to the Debtor, Ocwen further explained that "[t]his mortgage is neither assumable nor transferable under any terms or conditions as a Fiancé does not qualify for a Family Transfer Package. A Formal Assumption is also not possible. Upon any sale or transfer of this loan, we would require payment in full of this mortgage."[16]

The Debtor then filed her Status Report and Request for Conference on December 23, 2016, requesting the Court to determine whether Ocwen had fulfilled the good faith requirement to participate in the LMP.[17] A hearing was held on January 17, 2017, at which time the Court asked the parties to brief the following issues:[18]

---

[10] Doc. No. 34.

[11] Doc. No. 35, the "LMP Order." The LMP Deadline was subsequently extended to February 28, 2017 at Doc. No. 49.

[12] Doc. No. 60, Ex. A.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] Doc. No. 60, Ex. B.

[17] Doc. No. 45.

[18] Doc. No. 51.

1. Is it good faith to let a fiancé, who is not on the note, into the LMP program if she would not qualify for a transfer of the mortgage by way of the Family Transfer Package?

2. Did the Assumption review of Ocwen, and subsequent denial, in this case satisfy the LMP's good faith requirements?

The Debtor and Ocwen submitted briefs in support of their respective positions[19] and Oral Argument was held on March 7, 2017, at which time the matter was taken Under Advisement.[20]

## Conclusions of Law

The LMP is a "structural process to facilitate consensual resolutions when residential property is at risk of foreclosure."[21] To help facilitate this process, the LMP requires the LMP participants to act in good faith and "[a] party failing to participate in good faith may be subject to sanctions after notice and a hearing."[22] The LMP begins upon a debtor's filing a Motion for Loss Mitigation.[23] Prior to filing a motion for participation in the LMP, however, debtor's counsel *shall* "perform adequate due diligence concerning the debtor's eligibility for loss mitigation by reviewing all of the loan documentation in the debtor's possession…"[24] A party in interest may object to a Motion for Loss Mitigation so long as such objection is timely filed and identifies "with specificity the grounds for the objection."[25]

The Local Rules require, among other things, that a debtor perform due diligence to ensure her eligibility for loss mitigation and that all parties participating in the LMP, once commenced,

---

[19] Doc. Nos. 61 and 60, respectively.

[20] Doc. No. 63.

[21] W.PA.LBR 9020-1(a).

[22] W.PA.LBR 9020-3(c).

[23] W.PA.LBR 9020-2(a).

[24] W.PA.LBR 9020-2(b)(1).

[25] W.PA.LBR 9020-2(d).

do so in good faith. Notably, the Local Rules permit, but do not require, a creditor to object to the LMP were specific grounds for the objection are articulated. The Local Rules are silent as to the definition or obligations of "good faith" in the context of the LMP. In addition, there is no Supreme Court, Third Circuit, or Western District (bankruptcy or district court) case law defining "good faith" in the context of mortgage loss mitigation. Bankruptcy courts in other jurisdictions that have adopted their own loss mitigation programs with good faith requirements have been asked to interpret those good faith requirements, however, and these discussions are informative to the instant dispute.

Bankruptcy courts that have examined whether a party has participated in their court's loss mitigation program in good faith have found good faith participation in loss mitigation does **not** require a party to offer a modification nor does it require the parties to disclose confidential information.[26] However, good faith participation in loss mitigation **does** require that parties share basic information, including the basic financial information of the debtor and the basic parameters that the debtor must meet in order to be considered for a loan modification.[27] In addition, good faith requires the parties to work toward an acceptable resolution whenever possible so as to keep debtors in their homes.[28]

Applying this standard for good faith participation in the LMP, Ocwen has not violated these requirements: Ocwen reviewed the Debtor's initial packet, requested additional information to assess the Debtor's eligibility for a loan modification, timely reviewed all submissions made by the Debtor, and promptly informed the Debtor of her ineligibility due to the fact she could not

---

[26] *In re Bambi,* 492 B.R. 183, 188 (Bankr. S.D.N.Y. 2013)(citing *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 384 (S.D.N.Y. 2011).

[27] *In re Bambi*, 492 B.R. at 188.

[28] *In re Corvisiero*, No. 12-31117, 2016 WL 3960535 (Bankr. D.N.J. July 15, 2016)(citing *In re Furino*, No. 12-297992014 WL 789116 (Bankr. D.N.J. Feb. 27, 2014).

assume the mortgage. Accordingly, Ocwen has not participated in the LMP with the Debtor in bad faith and will not be subject to sanctions.

In addition, the Local Rules do not require a lender to object to a debtor's request for entry into the LMP—the Local Rule is permissive—and, therefore, Ocwen was under no obligation to object to the Debtor's request for participation in the LMP. Accordingly, Ocwen's decision not to object to the Debtor's request for the LMP is not a breach of the good faith requirement. Further, the Local Rules required the Debtor to conduct due diligence and certify to the Court that she qualified for the LMP. As such, the Debtor was or should have been aware of her own ineligibility to receive a loan modification based upon her own assertion that she was not eligible to assume the mortgage at the inception of her bankruptcy filing.

### Conclusion

Ocwen has complied with the LMP Order and the Local Rules guiding the participation of parties in the LMP including the requirement to participate in good faith. Ocwen's actions in the instant mortgage loss mitigation with the Debtor would not qualify as violation of Ocwen's duty to act in good faith throughout the LMP process under the Local Rules or the standard defining "good faith" as interpreted by other bankruptcy courts. An Order will be entered contemporaneously with this Memorandum Opinion.

Date: March 20, 2017                                        /s/ Carlota M. Böhm
                                                            Carlota M. Böhm
                                                            United States Bankruptcy Judge

**MAIL TO:**
Donald R. Calaiaro, Esq. and William E. Miller, Esq.